IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JIMMY RAY BROMGARD,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, YELLOWSTONE COUNTY, BILL KENNEDY, JOHN OSTLUND, JIM RENO, ARNOLD MELNIKOFF, and MIKE GREELY,<br><br>                    Defendants. | CV-05-32-BLG-RFC-CSO<br><br><br>**ORDER GRANTING BROMGARD'S MOTION FOR LEAVE TO TAKE DEPOSITIONS OF EXPERT WITNESSES AND DEFENDANT GREELY** |

Before the Court is Plaintiff Jimmy Ray Bromgard's Motion for Leave to Take Deposition of Expert Witnesses and Defendant Greely and Request for Expedited Ruling (Court's Doc. No. 153). Bromgard, who filed his motion on March 27, 2007, seeks the Court's Order authorizing him to take the depositions of five of the State Defendants' expert and rebuttal witnesses and the deposition of Defendant Mike Greely.

Bromgard seeks an expedited ruling because discovery is set to close on May 1, 2007. The State Defendants filed their response brief (Court's Doc. No. 157) on April 4, 2007. Bromgard filed his reply brief (Court's Doc. No. 158) on April 6, 2007. Having considered the issues presented by the parties, together

-1-

with their submissions in support of their respective arguments, the Court is prepared to rule.

## I.   *BACKGROUND*

The State Defendants' disclosed their expert and rebuttal expert witnesses in mid-January and mid-February, respectively. On February 28, 2007, the parties filed their Stipulation to Extend Number of Depositions Pursuant to Rule 30(a)(2) (Court's Doc. No. 133). They agreed "that each party may take as many as 20 depositions in this case."

Bromgard now seeks to enlarge the agreed-upon number of depositions that he can take from 20 to 26. He seeks to depose: (1) Dr. Larry Martin, a psychiatric expert who examined Bromgard; (2) Michael Howard, a forensic scientist who reexamined the hairs Defendant Melnikoff positively associated to Bromgard; (3) Douglas Lucas, an expert on the operation of State Crime Labs; (4) Larry Howard, a former colleague of Defendant Melnikoff's and a forensic scientist; (5) Ann Arrington, a vocational expert; and (6) Defendant Mike Greely, former Montana Attorney General.

The parties exchanged correspondence with respect to Bromgard's desire to take the additional depositions. <u>See</u> *Brief in Support of Motion for Leave to Take Deposition of Expert Witnesses and Defendant Greely* ("*Bromgard's Opening Br.*") *at Exhibits D-G*. In an apparent attempt to reach a compromise with respect to the extra depositions, Defendants agreed to permit

Bromgard to take 23 rather than 20 total depositions.  *Bromgard's Opening Br. at Exhibit E*.  This arrangement, however, was unacceptable to Bromgard, who then filed the motion now before the Court.

## II.   *DISCUSSION*

Rule 30(a)(2)(A)[1] allows parties to take up to 10 depositions unless they enter a written stipulation or obtain leave of court to take more.  A court shall grant such leave "to the extent consistent with the principles stated in Rule 26(b)(2)," which allows courts to limit discovery in instances in which the court determines that:

> (i)      the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)     the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In applying the above factors to the instant motion, the Court has considered carefully the parties' arguments.  Having

---

[1] All references to rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

done so, the Court deems it appropriate to permit Bromgard to take the additional six depositions.

First, the Court is persuaded that the additional depositions proposed are not cumulative or duplicative. Bromgard represents both that he has not taken the depositions of these individuals and that each individual's testimony will provide unique information. Also, in light of the fact that Defendants have disclosed the five expert and rebuttal witnesses, it is reasonable to conclude that each has information or opinions bearing in a unique way on some issue or issues involved in the case. Bromgard is entitled to inquire with each with respect to their knowledge and opinions. No evidence or argument has been presented that the information that the prospective deponents possess is available from another source.

Second, the Court is persuaded by Bromgard's argument that he has not had ample opportunity to discover the information sought by other means. Bromgard has persuasively argued that obtaining information from each of the prospective deponents by oral examination is superior to any other method. Deposing each witness, under the circumstances, likely will prove to be a more efficient method of evaluating and scrutinizing their opinions than would discovery by other means.

Third, Bromgard has offered assurances that the depositions will be as minimally intrusive as possible into each deponent's

-4-

schedule, and the schedule of Defendants' counsel.  He has agreed
to hold four of the depositions within the State of Montana and
the other three by telephone.  Also, in light of the serious
nature of the issues involved in this case, the benefit of
allowing Bromgard an opportunity to depose the six individuals
discussed herein likely will outweigh the minimal burden and
expense of the discovery.  Although the State of Montana does not
have limitless resources, it is reasonable to conclude that
allowing the additional six depositions is not going to
unreasonably tax State resources.

    The Court is mindful of the parties' stipulation allowing 20
depositions each.  Because of the gravity of the issues involved
in this case, however, a certain measure of leeway with the
discovery at issue is appropriate.

### III. _CONCLUSION_

    For the foregoing reasons,

    **IT IS ORDERED** that Bromgard's Motion for Leave to Take
Deposition of Expert Witnesses and Defendant Greely and Request
for Expedited Ruling (Court's Doc. No. 153) is **GRANTED**.  The
parties shall work diligently to schedule and conduct all six
additional depositions before the close of discovery.  If that is
not possible, the parties may move to extend the discovery
deadline, advising the Court as to how much additional time is
necessary.  The Court has reviewed the "Parties' Joint Report to

the Court" filed on April 10, 2007, is aware of the other pending motions, and will rule as soon as possible.

DATED this 11th day of April, 2007.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

-6-