Martha Sheehy
SHEEHY LAW FIRM
2822 - 3rd Avenue North, Suite 206
P. O. Box 584
Billings, Montana 59103-0584
Telephone: (406) 252-2004
msheehymt@aol.com

      Attorney for The Billings Gazette

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JIMMY RAY BROMGARD, | Cause No. CV-05-32-BLG-CSO |
| Plaintiff, | **THE BILLINGS GAZETTE'S BRIEF IN SUPPORT OF MOTION TO INTERVENE REGARDING DEFENDANTS' MOTION TO ENFORCE THE PROTECTIVE ORDER AND MOTION TO CLOSE THE JULY 11 HEARING** |
| -vs- | |
| STATE OF MONTANA, COUNTY OF YELLOWSTONE, CHAIRMAN BILL KENNEDY, COMMISSIONER JOHN OSTLUND, COMMISSIONER JIM RENO, ARNOLD MELNIKOFF and MIKE GREELY, | |
| Defendants. | |

### INTRODUCTION

Pursuant to Rule 24(b)(2), F.R.Civ.P., The Billings Gazette seeks to intervene

regarding Defendants' Motion to Close the Hearing scheduled for June 11, 2007 and

the Defendants' Motion to Enforce the Protective Order. Both motions, if granted,

would impermissibly restrict the public's right of access to judicial proceedings and

documents. The Gazette seeks leave to file a brief regarding these motions and seeks

leave to participate in the hearing scheduled for June 11.

-1-

## I.     PERMISSIVE INTERVENTION IS APPROPRIATE IN THIS CASE.

A court may grant permissive intervention where the applicant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim and the main action have a question of law or fact in common. *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1100 (9th Cir. 1999).  All three factors exist in this case, allowing The Billings Gazette to intervene and participate..

### A.     State and Federal Law Establish Independent Grounds for Jurisdiction.

1.     *The Gazette has a Right of Access to the Proceedings and Documents in this Lawsuit.*

The United States Supreme Court has specifically recognized the public's right of access to criminal proceedings,  See, e.g., *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Press - Enterprise v. Superior Court (Press-Enterprise II)*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d (1986).  While the United States Supreme Court has not directly addressed access to civil proceedings, other federal courts have held that the rationale guaranteeing access to criminal proceedings applies to civil proceedings.  See, e.g., *Newman v. Graddick,* 696 F.2d 796 (11th Cir. 1983); *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059 (3rd Cir. 1984).

In addition to the right of access to judicial proceedings, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial documents and records.  *Nixon v. Warner* Communications*, 435 U.S. 5898, 597, 98 S.Ct. At 1312, 55 L.Ed.2d 570 (1978).  As stated by the Ninth Circuit Court of Appeals, "there is a *strong presumption* in favor of the common law right to

-2-

inspect and copy judicial records." *Phoenix Newspapers, Inc. v. United States District Court*, 156 F.3d 940, 946 (9th Cir. 1998) (emphasis added), citing *Valley Broadcasting Company v. United States Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986). Moreover, the Ninth Circuit Court of Appeals has held that the public has a right of access to the fruits of discovery in civil litigation. *San Jose Mercury News, Inc.*, 187 F.3d at 1103.

Under Montana law, the public's right of access is based not only on the First Amendment; access is specifically guaranteed by the Montana Constitution's "right to know" provision. Article II, Section 9 of the Montana Constitution provides that "No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure." The Montana Supreme Court has applied this provision to access to non-criminal judicial proceedings. *State ex rel. Great Falls Tribune Co. v. Montana Eighth Judicial Dist. Court* (1989) 238 Mont. 310, 777 P.2d 345 (1989).

> 2. *The Gazette has Standing to Be Heard Regarding the Sealing of Depositions and Exhibits and the Closure of Hearings.*

The Ninth Circuit Court of Appeals has recognized the media's standing to be heard regarding potential restrictions on the public's right of access to court hearings and judicial documents. In *Phoenix Newspapers, Inc. v. United States District Court*, 156 F.3d 940 (9th Cir. 1998), the Court stated, "if a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives. If objections are made, a hearing on the objections must be held as soon as possible." As a member of the newsgathering

-3-

media, The Gazette is entitled to be heard with respect to issues of restricted access.

Other federal courts also recognize the press's standing to seek access in suits to which it is not a party. In *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983), the Eleventh Circuit Court of Appeals granted the press the right to participate in motions to seal documents and close hearings in a class action concerning unconstitutional overcrowding in Alabama's prisons. In *United States v. Cianfrani*, 573 F.2d 835, 845 (3rd Cir. 1978), the Third Circuit Court noted that the press's right to access is shared by the general public, but the newspaper suffers "distinct and palpable" injury when it has requested and been denied access. Such is the case here, where The Gazette has sought access to depositions and briefs filed with the court, but has been denied by the State Defendants.

The Ninth Circuit Court of Appeals has repeatedly recognized that non-parties seeking access to judicial records in a civil case may do so by seeking permissive intervention pursuant to Rule 24(b)(2). *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1100 (9th Cir. 1999), citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1432 (9th Cir. 1995); and *Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 657 (9th Cir. 1991). A motion for permissive intervention is also the recognized method for a non-party to challenge a protective order. *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

The newspaper's standing is also well established in state law. Montana courts recognize the right of the press and the public to bring a cause of action to enforce the public's right to know or the right to inspect documents. See, e.g., *Board of Trustees v.*

-4-

*Cut Bank Pioneer Press*, 2007 MT 115, 2007 WL 1334561 (Mont. May 7, 2007); *Bryan v. Yellowstone County Elementary School District No. 2*, 2002 MT 264, ¶ 20, 312 Mont. 257, 263, 60 P.3d 381, 386. The right to inspect public documents extends "not only to individuals, but also to media entities." *Yellowstone County v. Billings Gazette*, 2006 MT 218, ¶17, 333 Mont. 390, 394, 143 P.2d 135, 139. The media, as representatives of the public, have a right to be heard prior to the institution of any restriction of the right of public access to judicial proceedings. In *State of Montana ex rel. the Missoulian*, 281 Mont. 285, 305, 933 P.2d 829, 841 (1997), the Montana Supreme Court stated that "the judge must allow the media to be heard as to whether there are any 'reasonable alternative means' available to sealing the records" in a criminal case. The same reasoning applies to civil matters.

Both the state and federal courts have implemented specific processes to allow the public and the press the right to be heard regarding the sealing of court documents or hearings. In both state and federal court, the district court is required to allow the press to participate in decisions which might limit the public's access to court proceedings. The Gazette has standing to participate in the Defendants' Motion to Close the Hearing set for June 11 and the Motion to Enforce the Protective Order.

**B.     The Gazette's Motion to Intervene is Timely.**

In determining whether a motion to intervene is timely, a court must consider the stage of the proceedings, the prejudice to other parties, and the reason for any delay. *San Jose Mercury News, Inc.*, 187 F.3d at 1100-01. The Gazette seeks intervention during the discovery period, and a trial date has not been set. The Gazette's

intervention will not prejudice the parties, as The Gazette seeks no delay in the
deadlines already established by this Court.

The Gazette has not delayed its motion. During the last week of May, several
events occurred which precipitated The Gazette's motion to intervene. First, the State
Defendants moved to enforce the protective order, arguing that the order effectively
sealed all documents in the case, including all discovery documents and deposition
transcripts. Second, the State Defendants moved to close the hearing on June 11.
Third, the State Defendants refused to provide The Gazette with their Brief in Support
of Motion to Close Hearing. The Gazette moved to intervene within days of these
events, and has not requested any delay in the emergency hearing requested by the
State Defendants.

## C.     The Gazette's Claim and the Main Action Have Questions of Law and Fact In Common.

The Gazette seeks to intervene to establish the newspaper's right of access to
judicial proceedings and documents in this action. These exact issue have been raised
by the State Defendants in the Motion to Close Hearing and Motion to Enforce
Protective Agreement.

## II.   THE GAZETTE OBJECTS TO THE SEALING OF DEPOSITIONS AND COURT DOCUMENT AND OBJECT TO THE CLOSING OF THE JUNE 11 HEARING.

In *Phoenix Newspapers, Inc.*, the Ninth Circuit Court of Appeals made clear that
if the press objects to the closure of a hearing or the sealing of documents, the court
must give the press an opportunity to be heard. The Gazette objects to implementation
of the order in a manner which shields sworn deposition testimony, exhibits, and the

-6-

fruits of discovery from public inspection. The Gazette requests that the protective order be lifted, and that any future order be narrowly tailored based on a good cause showing.

Late in the afternoon of June 1, 2007, the State Defendants filed a motion to close the hearing set for June 11. The Gazette objects to the closure of the hearing and requests an opportunity to be heard.

Also on June 1, 2007, the State Defendants filed its brief supporting the Motion to Close Hearing under seal. Counsel for the Gazette contacted counsel for the State Defendants, Susan Moriarity-Miltko, and requested a copy of the brief. The request was denied because the State Defendants deem the exhibits to the brief confidential. The Gazette's attorney then requested a copy of the brief itself, without exhibits. That request was denied. The Gazette objects to the sealing of the brief and exhibits. The Gazette requests a copy of the materials filed by the State Defendants prior to the hearing and an opportunity to respond to the secret legal reasoning contained therein.

## CONCLUSION

The public and the media have a presumed right of access to civil proceedings and to inspect and copy judicial documents. Both state and federal law require this Court to provide objecting members of the media with an opportunity to be heard prior to closing proceedings or sealing documents. The Gazette objects to enforcement of the protective order, the sealing of the brief, and the closure of the June 11 hearing. As an objecting party, the Gazette has standing to be heard regarding these matters.

Specifically, the Gazette requests that this Court:

1.    On an expedited basis, grant The Gazette's motion to intervene;

2.    On an expedited basis, grant The Gazette leave to file a brief and appear at the June 11 hearing;

3.    File The Gazette's Brief In Opposition to the State Defendants' Motion to Close the Hearing and Motion to Enforce the Protective Order, which is attached as Exhibit 1 to The Gazette's Motion to Intervene;

4.    Prior to June 11, grant The Gazette access to the sealed brief in support of State Defendants' Motion to Close the Hearing; and

5.    Grant The Gazette the opportunity to respond to the sealed brief in support of State Defendants' Motion to Close Hearing.

DATED this 4th day of June, 2007.

SHEEHY LAW FIRM

By ___/s/_____
   MARTHA SHEEHY
2822 - 3rd Avenue North
P. O. Box 584
Billings, Montana 59103-0584

Attorney for The Billings Gazette

-8-

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of June, 2007, a copy of the foregoing document was served upon the following by the following means:

ALL     CM/ECF
_____   Hand Delivery
_____   Mail
_____   Overnight Delivery Service
_____   Fax
_____   Email

1.    Clerk, U.S. District Court

2.    Peter J. Neufeld
      Ramzi Kassem
      Cochran, Neufeld & Scheck, LLP
      99 Hudson Street
      New York, NY 10013

3.    Ronald Waterman
      Julie A. Johnson
      Gough, Shanahan, Johnson & Waterman
      33 S. Last Chance Gulch
      Helena, MT 59624-1715

4.    Shelton C. Williams
      Williams Law Firm
      235 E. Pine
      Missoula, MT 59807-9440

5.    Daniel Schwarz
      Kevin Gillen
      Deputy Yellowstone County Attorneys
      P.O. Box 35025
      Billings, MT 59107

                         /s/
                         MARTHA SHEEHY

                         Attorney for The Billings Gazette

-9-