IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JIMMY RAY BROMGARD,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, COUNTY OF YELLOWSTONE, CHAIRMAN BILL KENNEDY, COMMISSIONER JOHN OSTLUND, COMMISSIONER JIM RENO, ARNOLD MELNIKOFF, and MIKE GREELY,<br><br>                Defendants. | CV-05-32-BLG-RFC-CSO<br><br>**ORDER ADDRESSING PARTIES'<br>PENDING MOTIONS** |

    Now pending before the Court are the following motions:

    1.  Plaintiff's Motion for Order Allowing Mitochondrial DNA Testing and for a Protective Order to Prevent the Transfer of Evidence to State Defendants' Hair Expert Michael A. Howard *(Court's Doc. No. 230)*;

    2.  State Defendants' Motion for Order Enforcing June 1, 2006 Order *(Court's Doc. No. 232)*;

    3.  State Defendants' Motion for Protective Order as to Ernest Lamphear *(Court's Doc. No. 234)*;

    4.  Plaintiff's Motion to Compel Responses to Eighth Set of Discovery Requests *(Court's Doc. No. 243)*; and

    5.  State Defendants' Motion for Protective Order as to

Plaintiff's Eleventh Set of Discovery *(Court's Doc. No. 245)*.

The Court heard arguments on these motions in open court in Missoula, Montana, on September 12, 2007. Except for item (4) above, all of these motions are now submitted for the Court's ruling. The Court has reviewed that parties' briefs and considered the arguments of counsel at the hearing. Accordingly, the Court rules as follows.

## I. Motion for Order Allowing Mitochondrial DNA Testing and for a Protective Order to Prevent the Transfer of Evidence to State Defendants' Hair Expert Michael A. Howard

This is a two part motion. Plaintiff first asks the Court to allow mitochondrial DNA testing and to extend the discovery deadline such that any results from the testing be deemed timely. The second part of the motion seeks to prevent the transfer of hair evidence to Mr. Howard, the State Defendants' hair expert. These two parts are addressed in turn.

Plaintiff's motion for additional DNA expert testing was filed over six months after the last expert disclosure deadline passed. Plaintiff's counsel indicated that the testing would take four to six weeks. Additional time may be needed to prepare an expert report. The Defendants may then wish to take additional depositions or perhaps obtain a rebuttal expert to address the results of the additional testing. Resolution of this case will be further delayed.

The case has been pending three years as of this month. As

noted at the hearing, both the expert disclosure deadlines and the discovery deadline have been repeatedly extended.  Most recently, the parties stipulated to extend the discovery deadline until June 15, 2007.  *See Stipulation Re. Scheduling Order, filed May 1, 2007 (Court's Doc. Nos. 163, 164).*  At the Court's urging, this deadline was extended until September 3, 2007, to be certain that the parties had allowed themselves sufficient time to complete discovery.  *See Order dated May 4, 2007 (Court's Doc. No. 166).*  It is now this Court's obligation to exercise the "very broad discretion" accorded to the District Courts in fashioning discovery remedies.  *See, e.g.,* Osband v. Woodford, 290 F.3d 1036, 1042 (9th Cir. 2002).

The issues to which the mitochondrial DNA testing are addressed have been present since the State Defendants' filed their Answer years ago.  Although the issues here are indeed important, the same can be said of many other cases filed in this federal court.  Nonetheless, case management deadlines are required by Fed. R. Civ. P. 16(b), which provides that the schedule shall not be modified except upon a showing of good cause.  The scheduling orders in this case provide that the deadlines will not be extended absent compelling reasons.

The Court finds that compelling reasons have not been shown for extending the deadlines.  Plaintiff's counsel indicated that this testing was not earlier sought because they thought that the

3

State Defendants would not persist with their theory that Mr. Bromgard was involved in the crime.  The expectation that an opposing claim will be dropped, however, is not a compelling reason to delay discovery where the opposing party has given no indication that it intends to drop the claim.

The second portion of this motion concerns the transfer of hair evidence to Mr. Howard.  The Court will grant this portion of the motion.  Although the Court does not suggest, and certainly makes no determination, that Mr. Howard would compromise the integrity of the evidence, Plaintiff has presented evidence that indicates Mr. Howard has a personal relationship with Melnikoff.  To protect Mr. Howard, as well as to alleviate the concerns of Plaintiff, the Order dated June 1, 2006, will be amended to required Mr. Howard to review the hair evidence at the Montana State Crime Laboratory in Missoula.  Again, this Order is not intended in any way to impugn or question Mr. Howard's integrity.  This amendment to the Order may not be mentioned at trial in any way, including during cross-examination of Mr. Howard.

## II.  **State Defendants' Motion for Order Enforcing June 1, 2006 Order**

For reasons stated in the foregoing section, this motion will be denied.

## III.  **State Defendants' Motion for Protective Order as to Ernest Lamphear**

State Defendants seek an order that they need not answer Plaintiff's Interrogatory No. 15 or Request for Production No. 53. The subject discovery requests and responses are set forth below.

> Interrogatory No. 15: Please describe any and all communication the State Defendants, their agents or their counsel have had with Ernest Lamphear since the filing of this lawsuit.  Give specific details about each communication with Mr. Lamphear, including the following information:
> a) the date of each communication;
> b) the means of communication (i.e., whether by phone, in person, or by letter or email); if the communication was by phone or in person, the length of the communication;
> c) who was present during the communication; and
> d) what was discussed, and whom by, at the communication.
>
> Answer: Objection.  Work product privilege.
>
> Request for Production No. 53: Please provide and *(sic)* all notes in the possession of the State Defendants and their counsel of interviews with Ernest Lamphear.
>
> Response: Objection.  Work product privilege.

State Defendants argue that counsel's communications with a witness are clearly work product and that Plaintiff has not shown either that his requests do not seek opinion work product or that he has a "substantial need" for the factual work product to overcome the work product protections.  State Defendants rely *inter alia* on Golden Trade v. Jordache, 143 F.R.D. 508, 511 (S.D.N.Y. 1992) (noting that work product must be produced only upon a showing of need and denying a motion to compel); U.S. v.

5

Chatham City Corp., 72 F.R.D. 640 (S.D. Ga. 1976) (denying a motion to compel production of interview notes because a substantial need had not been shown).  Citing the seminal case of Hickman v. Taylor, 329 U.S. 495, 511 (1947), Plaintiff argues that he is only seeking fact work product, not opinion work product and that this fact work product "will demonstrate to what degree Ernest Lamphear's memory has been enhanced since he was first contacted by the State Defendants."  *See Plaintiff's Response Brief Opposing Motion for Protective Order Regarding Ernest Lamphear (Court's Doc. No. 238) at 3.*

A party may obtain discovery of work product "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."  Fed. R. Civ. P. 26(b)(3)(emphasis added).  The court concludes that neither prong is met here.  *Compare* Fletcher v. Union Pacific R.R. Co., 194 F.R.D. 666 (S.D.Cal. 2000) (holding that no substantial need for work product had been shown and that party had not attempted to obtain substantially equivalent evidence from alternate sources).

Plaintiff has notes of the three statements that Ernest Lamphear gave in 1987.  Plaintiff has had notice of Mr. Lamphear's physical address since April 2006, but apparently did not make an effort to contact him until recently.  Plaintiff was

6

provided with defense counsel's 2006 correspondence with Mr. Lamphear and an affidavit that Mr. Lamphear signed on August 31, 2006.  In addition, Plaintiff deposed Mr. Lamphear on August 30, 2007, and was able to question him regarding his conversations with defense counsel.  The Court concludes that, even if Plaintiff did have a substantial need for this information, he has been able to obtain the substantial equivalent of the materials by other means.  The "surmise or possibility" that impeaching material may be found in work product does not permit a court to order opposing counsel's inspection thereof.  *See* U.S. v. Chatham City Corp., *supra,* 72 F.R.D. at 643.  The integrity of the judicial process depends upon each side of a case being permitted to prepare independently and that independence should not be lightly infringed.  The 1970 Advisory Committee note to amendments to Rule 26(b)(3) states:

> The subdivision [protects] against disclosure the mental impressions, conclusions, opinions, or legal theories concerning the litigation of an attorney or other representative of a party.  The *Hickman* opinion drew special attention to the need for protecting an attorney against discovery of memoranda prepared from recollection of oral interviews.  The courts have steadfastly safeguarded against disclosure of lawyers' mental impressions and legal theories....

Plaintiff has cited no authority holding that his conjecture regarding memory enhancement meets the requisite standards for production of work product.  Accordingly, the motion will be granted.

7

## IV.  **State Defendants' Motion for Protective Order Re: Plaintiff's Eleventh Set of Discovery Requests**

Plaintiff served the Eleventh Set of Discovery Requests upon State Defendants on August 2, 2007.  Service was made both by facsimile and by U.S. Mail.  Discovery closed on September 3, 2007.  State Defendants motion seeks an order that the requests were untimely and need not be answered.

Local Rule 5.3 provides that documents that are served but not filed, such as discovery, must be served by one of the methods set forth in Fed. R.Civ. P. 5(b)(2)(A)-(D).  The latter rule allows service by personal delivery (subpart A), by mailing (subpart B), by leaving a copy with the clerk of court if the person served has no known address (subpart C), and by any other means, including electronic means, consented to in writing by the person served (subpart D).  Plaintiff conceded at the hearing that the only approved method used to serve the Eleventh Discovery Requests was by mailing and that, if the Federal Rule's time computations are measured from the date of mailing, the service was not sufficient to allow State Defendants the full thirty-three days to respond prior to the discovery deadline.  Although the Court may direct a shorter time to respond, pursuant to Fed. R.Civ. P. 33(b)(3) and 34(b), no motion to shorten the time to respond was filed.

The scheduling orders in this case require that all written discovery be served so as to allow the responding party

sufficient time to reply within the time periods set by the Federal Rules and the discovery deadline.  *See, e.g., Order dated May 3, 2006 (Court's Doc. No. 98) at ¶ 3.*  Accordingly, the Eleventh Discovery Requests were served beyond the time specified in the Court's Order and the governing rules and thus the motion for protective order will be granted.

Accordingly, for the reasons set forth herein, IT IS HEREBY ORDERED:

1.  Plaintiff's Motion for an Order Allowing Mitochondrial DNA Testing (*Court's Doc. No. 230-1*) is DENIED.

2.  Plaintiff's Motion for Protective Order to Prevent Transfer of Evidence to State Defendants' Hair Expert Michael A. Howard (*Court's Doc. No. 230-2*) is GRANTED IN PART.  Mr. Howard shall be required to view the hair samples in this case at the Montana State Crime Laboratory.

3.  State Defendants' Motion for Order Enforcing June 1, 2006, Order (*Court's Doc. No. 232*) is DENIED.  Mr. Howard shall be required to review the hair evidence at the Montana State Crime Laboratory.  The June 1, 2006, Order otherwise remains in full force and effect.

4.  State Defendants' Motion for Protective Order as to Ernest Lamphear (*Court's Doc. No. 234*) is GRANTED.

5.  State Defendants' Motion for Protective Order as to

    Plaintiff's Eleventh Set of Discovery (*Court's Doc. No. 245*) is GRANTED.

6. With regard to Plaintiff's Motion to Compel Responses to Eighth Set of Discovery Requests *(Court's Doc. No. 243)*, the State Defendants have to and including Wednesday, September 19, 2007, to file a responsive brief. With respect to the portion of the Motion to Compel addressed to Interrogatory No. 13, inquiring as to the examinations of trace evidence performed by Defendant Arnold Melnikoff, said brief shall include a statement of the number of cases in which Defendant Melnikoff performed trace evidence examinations, or, if that information is not available, a statement of the methodology used to arrive at the number of examinations of trace evidence stated in their supplemental response to this interrogatory.

    DATED this 13th day of September, 2007.

    **/S/ Carolyn S. Ostby**
Carolyn S. Ostby
U.S. Magistrate Judge