FILED
BILLINGS DIV.

2008 JAN 16 AM 11 04

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JIMMY RAY BROMGARD,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, COUNTY OF YELLOWSTONE, CHAIRMAN BILL KENNEDY, COMMISSIONER JOHN OSTLUND, COMMISSIONER JIM RENO, ARNOLD MELNIKOFF, and MIKE GREELY,<br><br>Defendants. | CV-05-32-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE ON BROMGARD'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF ACTUAL INNOCENCE** |

This action arose from Plaintiff Jimmy Ray Bromgard's ("Bromgard") allegations that he was wrongly convicted of raping an 8-year-old girl in 1987 in Billings, Montana. He spent 15 years in prison before DNA testing of semen on the victim's underclothing excluded him as its source. Upon a joint application by Bromgard and the prosecution, the Montana Thirteenth Judicial District Court vacated Bromgard's conviction and released him from prison.

Bromgard subsequently initiated this action against the State of Montana, Arnold Melnikoff, and Mike Greely ("State Defendants"), and against Yellowstone County, Bill Kennedy, John Ostlund, and Jim Reno ("County Defendants") for compensatory and

punitive damages. Bromgard has settled his claims against the State Defendants. With respect to the County Defendants, Bromgard asserts only one claim – that the County's practice of obtaining counsel for indigent criminal defendants violated his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution.

Now pending before the Court is Bromgard's Motion for Partial Summary Judgment on the Issue of Actual Innocence (*Court's Doc. No. 262*). Having fully considered the issues presented, the Court recommends that the motion be denied.[1]

## I.   *DISCUSSION*[2]

### A.   *Summary Judgment Standard of Review*

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

---

[1] By Order (Court's Doc. No. 116) filed January 23, 2007, United States District Judge Richard F. Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), including submission of proposed findings and recommendations.

[2] The Court and parties are familiar with the procedural background of this case. It is not repeated here. Factual allegations are incorporated herein where necessary.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the party "may not rely merely on allegations or denials in its own pleading; rather, its responses must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

### B.   *Summary of the Parties' Arguments*

Bromgard seeks partial summary judgment on the issue of his actual innocence. He advances two principal arguments.

First, Bromgard argues that DNA testing conclusively demonstrated that he did not commit the rape and related burglary. *Pltf's Br. in Support of His Mtn. for Partial Summary Judgment on the Issue of Actual Innocence* ("*Bromgard's Br.*") (Court's Doc. No. 271) *at 5-13*. He argues that Defendants have put forth no evidence indicating

that the crimes involved more than one perpetrator. Instead, Bromgard argues, Defendants have, without factual support, attempted to manufacture a fact issue by: (1) speculating that the semen belongs to someone other than the actual rapist; (2) suggesting that the victim's identification of Bromgard shows he was in her home when the rape was committed; and (3) relying on unreliable informant testimony about a checkbook stolen from the victim's home and found near Bromgard's home to imply that Bromgard was involved in the crime. *Id. at 7-8*.

Bromgard argues that Defendant's theories do not create a genuine issue of material fact because they are not supported by probative evidence. He argues that Defendants have put forth no evidence to suggest that more than one perpetrator was in the victim's room or home at the time of the crime. *Id. at 10*. Bromgard argues that the victim has repeatedly described that she was raped by a lone, white male. Although the victim gave a description of the attacker as someone who resembles him, Bromgard argues, he has been excluded by DNA testing as the semen's source. Because there was only one attacker, and because DNA testing excluded him as the attacker, Bromgard argues, it is conclusive that he is actually innocent. He argues that "where, as here, there is only one attacker, DNA evidence trumps identification evidence, regardless of whether one, three, or twenty eyewitnesses believe they saw the exonerated man." *Id. at 8*.

Bromgard also argues that Defendants' reliance on an informant's testimony that he saw Bromgard with a stolen checkbook is misplaced because such evidence is

-4-

neither relevant nor credible. *Id. at 11.* He argues that the informant remembered seeing Bromgard with a checkbook weeks before the rape and burglary even occurred. Also, he argues that the informant was unreliable because he was a "known liar[]" and had a "pervasive memory impairment[.]" *Id. at 11, n.7.*

Second, Bromgard argues that Defendants are estopped from contesting his innocence. *Id. at 13-20.* He argues that Defendants are judicially estopped from contesting his innocence here because to do so would be inconsistent with their position during the exoneration proceeding in state court. *Id. at 14.* Here, he argues, Defendants "deny that there was a single male perpetrator involved in the rape ... and related burglary." At the exoneration hearing nearly five years ago, however, Defendants admitted both that the victim was raped by a man who broke into her house and that Bromgard was not the rapist. *Id. at 15.* The Court should not allow Defendants to change positions now, Bromgard argues, and should bind Defendants to their "prior unequivocal admission" of Bromgard's innocence. *Id. at 17.*

Bromgard also argues that collateral estoppel precludes Defendants from relitigating his innocence here because the issue already was fully litigated in state court. He argues that Defendants argued in state court that the basis for moving to vacate his conviction and dismiss the charges against him was that the DNA exclusion proved that he was not the rapist and proved his actual innocence. *Id. at 17-20.*

In response, the County Defendants concede that Bromgard is actually innocent

of the rape for which he was convicted.[3] *Yellowstone County's Resp. Br. to Bromgard's Mtn. for Summary Judgment* ("*County's Resp.*") at 2. They consent to granting Bromgard's motion to the extent it relates to the issue of Bromgard's actual innocence with respect to rape. *Id.*

The County Defendants do not concede, however, that Bromgard had no involvement in other crimes that occurred simultaneously with the rape. They argue that evidence exists that "indicates that [Bromgard] may have been in the home committing other offenses while the [rape] occurred." *Id.* They argue that, based on certain evidence, "a reasonable trier of fact could find that [Bromgard] was unlawfully present in the victim's home [when the rape occurred] and that he participated in the theft of property from the victim's home." *Id. at 5.*

In support of their position, the County Defendants first argue that available evidence indicates that more than one person entered the victim's home at the time of the rape. They argue that evidence shows that entry into and exit from the home, as well as the rape, occurred on the home's second floor. There exists evidence, they argue, that items were stolen from the home's first floor. This evidence, the County Defendants argue, indicates that more than one actor entered the home when the rape and theft occurred. *Id. at 6.*

Second, the County Defendants argue that the victim identified Bromgard as the

---

[3]The County Defendants, consistent with Montana's statutes, refer to rape as sexual intercourse without consent ("SIWOC"). See Mont. Code Ann. § 45-5-503(1).

-6-

person standing in her bedroom doorway before the rape. They argue that the victim testified at Bromgard's trial that at different times during the rape, she had her eyes closed, had a pillow covering her head, or was positioned on her stomach. Thus, they argue, although Bromgard was not the source of semen found on the victim's underwear, evidence indicates he was in the home at the time of the attack. *Id.*

Third, the County Defendants argue that Ernie Lamphear, a friend of Bromgard's family, stated to law enforcement authorities in 1987 that he saw Bromgard walking to his home in the early morning hours sometime in March. The County Defendants argue that Lamphear's statement is further evidence of Bromgard's involvement. The County Defendants note that: (1) the area in which Lamphear saw Bromgard was consistent with the route from the victim's home to Bromgard's home; (2) Lamphear stated that he had given Bromgard a ride and that Bromgard was wearing a striped shirt; (3) the victim described an intruder on the night of the attack as wearing a striped shirt; (4) Lamphear stated that Bromgard admitted to him that he had a stolen checkbook, which Lamphear threw out of the car near Bromgard's home; (5) the victim's mother reported that her checkbook was one of the items stolen from her home on the night of the attack; and (6) the victim's mother's checkbook was later recovered less than one half of a block from Bromgard's home. *Id. at 6-7.*

Finally, the County Defendants argue that neither judicial nor collateral estoppel apply in this case. *Id. at 8-11.* They argue that they consistently have maintained, since Bromgard's exoneration, that he did not commit the rape and they do not intend

to argue that he did. Thus, they have not held inconsistent positions and judicial estoppel is not applicable. *Id. at 9*.

Also, the County Defendants argue that Bromgard cannot rely on collateral estoppel because he cannot satisfy the applicable elements. *Id. at 10-11*. They argue that: (1) the issue raised here is not identical to the one previously decided because Bromgard's exoneration for rape did not address any other crime; (2) no final judgment was ever rendered with respect to whether Bromgard was involved in any uncharged crime; (3) the parties are not identical because the County was not a party to Bromgard's felony criminal case; and (4) no crime besides the rape was fully litigated in the state court criminal case. *Id.*

### C. *Analysis*

Having considered the record and the parties' arguments, the Court recommends that Bromgard's motion be denied. As an initial matter, the County Defendants concede that Bromgard did not commit the rape and they do not intend to argue that he did. Thus, there is no dispute between the remaining parties with respect to Bromgard"s actual innocence in the rape for which he was wrongly convicted. Hence, that issue is moot.

The Court next must address the broader issue of whether Bromgard is actually innocent of any involvement in any incident related to the rape. For two primary reasons, the Court concludes that summary judgment is not appropriate.

First, the issue for which Bromgard seeks summary judgment is not the type of

issue for which such relief generally is granted. A party may seek summary judgment "on all or part of [a] claim." Fed. R. Civ. P. 56(a). The Supreme Court has noted that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" Celotex Corp., 477 U.S. at 323-24.

In the case at hand, the issue of whether Bromgard is actually innocent of any crime is neither a part of the remaining claim nor a defense to it. As noted *supra*, his only claim against the County Defendants is that their practice of obtaining counsel for indigent criminal defendants violated his right to effective assistance of counsel under the Sixth Amendment. He has made no other claim against them.

The County Defendants cannot assert as a defense to that claim that Bromgard was guilty of some crime. A criminal defendant's actual guilt or innocence plays no role in the issue of whether his or her right to effective assistance of counsel was violated. Miranda v. Clark County, Nevada, 319 F.3d 465, 470 (9th Cir. 2003) (citing Gideon v. Wainwright, 372 U.S. 335, 344 (1963) (noting that the constitutional guarantee of a right to effective representation is available to "all defendants, regardless of guilt or innocence"). Thus, summary adjudication of Bromgard's actual innocence is not appropriate here.

Second, the Court concludes that, based on evidence in the record, genuine issues of material fact exist that preclude summary judgment. As outlined in detail above, the County Defendants have pointed to evidence in the record from which a jury could conclude that Bromgard was in the victim's home at the time of the rape.

Also, despite Bromgard's arguments to the contrary, neither judicial nor collateral estoppel is appropriate here. The Ninth Circuit recently set forth the factors a court is to apply when considering whether to apply judicial estoppel.

> First, "a party's later position must be 'clearly inconsistent' with its earlier position." New Hampshire v. Maine, 532 U.S. 742, 750 (2001). Second, courts often inquire whether the party achieved success in the prior proceeding, as "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" Id. (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir. 1982)). Third, courts consider whether, if not estopped, "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the other party." Id. at 751.

Abercrombie & Fitch Co. v. Moose Creek, Inc., 486 F.3d 629, 633 (9th Cir. 2007).

Here, the County Defendants have not advanced a position inconsistent with their prior position. They previously maintained that Bromgard did not commit the rape. In doing so, they moved to vacate the judgment and conviction against him and to dismiss the charges for which he had been convicted. *Pltf's Stmt. of Undisputed Facts (Court's Doc. No. 277)* ("*SUF*") at Ex. 17, p. 2, lines 21-23. They concede that Bromgard did not commit the rape. *County's Resp. at 2.* Thus, they have not advanced inconsistent positions on the question. Application of judicial estoppel is not appropriate.

Collateral estoppel also is not appropriate. Under Montana law,

> Collateral estoppel, or issue preclusion, bars the reopening of an issue that has been litigated and determined in a prior suit.... [A]pplication of collateral estoppel in Montana has traditionally required that:
> 
> (1)    the identical issue raised was previously decided in a prior adjudication;

>   (2)   a final judgment on the merits was issued in the prior adjudication; and
>
>   (3)   the party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication.

Baltrusch v. Baltrusch, 130 P.3d 1267, 1274 (Mont. 2006).

The record is clear that Bromgard was exonerated only for the three counts of rape on which he was convicted. See *Pltf's Stmt. of Undisputed Facts* (*Court's Doc. No. 277*) at *Ex. 1* (Trial Transcript), p. 9, lines 10-11, p. 15, lines 4-10; *Ex. 17* (Exoneration Hearing Transcript), p. 4, lines 22-25, p. 5, lines 1-4; *Ex. 18* (Order vacating Judgment of conviction and dismissing, with prejudice, the charges against Bromgard). Thus, only the issue of Bromgard's actual innocence with respect to the rape charges was previously decided in a prior adjudication. No adjudication or judgment on the merits was ever made with respect to any other alleged crime. Thus, application of collateral estoppel is not appropriate.

## II.   *CONCLUSION*

Based on the foregoing,

**IT IS RECOMMENDED** that Bromgard's Motion for Partial Summary Judgment on the Issue of Actual Innocence (*Court's Doc. No. 262*) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Order and Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation portion must be filed with the Clerk of Court and

copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 16th day of January, 2008.

Carolyn S. Ostby
United States Magistrate Judge