FILED
BILLINGS DIV.

2008 FEB 13 PM 12 34

PATRICK E. DUFFY, CLERK
BY _____
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JIMMY RAY BROMGARD,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF YELLOWSTONE,<br>CHAIRMAN BILL KENNEDY,<br>COMMISSIONER JOHN OSTLUND,<br>COMMISSIONER JIM RENO,<br><br>Defendants. | CV-05-32-BLG-RFC<br><br><br><br><br>ORDER ADOPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>U.S. MAGISTRATE JUDGE AND<br>ORDER SETTING SCHEDULING<br>CONFERENCE |

On January 16, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends this Court deny Bromgard's Motion for Partial Summary Judgment on the Issue of Actual Innocence.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the January 16, 2008 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158

1

F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

The County Defendants concede that Bromgard did not commit the rape and they do not intend to pursue that he did. There is no dispute between the remaining parties with respect to Bromgard's actual innocence in the rape for which he was wrongly convicted. Thus, that issue is moot.

The issue from which Bromgard seeks summary judgment is not the type of issue for which such relief generally is granted. In this case, the issue of whether Bromgard is actually innocent of any crime is neither a part of the remaining claim nor a defense to it. Bromgard's only claim against the County Defendants is that their practice of obtaining counsel for indigent criminal defendants violated his right to effective assistance of counsel under the Sixth Amendment. The County Defendants cannot assert as a defense to that claim that Bromgard was guilty of some crime. A criminal defendant's actual guilt or innocence plays no role in the issue of whether his or her right to effective assistance of counsel was violated. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 470 (9th Cir. 2003), citing *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963). Thus, summary adjudication of Bromgard's actual innocence is not appropriate.

Additionally, there are genuine issues of material fact in existence that preclude summary judgment. The County Defendants have pointed to evidence in the record from which a jury could conclude that Bromgard was in the victim's home at the time of the rape.

Finally, despite Bromgard's arguments to the contrary, neither judicial estoppel nor collateral estoppel is appropriate here. Neither argument appropriately fits the circumstances of this case.

Accordingly, **IT IS HEREBY ORDERED** Bromgard's Motion for Partial Summary Judgment on the Issue of Actual Innocence [*doc. #262*] is **DENIED**.

**IT IS FURTHER ORDERED** that a Scheduling Conference is set for **Friday, March 7, 2008, at 9:00 a.m.**, before Judge Richard F. Cebull. Counsel may participate by phone conference and must convey intentions to Chambers and other counsel seven (7) days before the conference. To participate in the conference call, the parties must dial 406-247-4021 at the time specified.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 13th day of February, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE